HAUSER *v.* GOEBEL BREWING CO.

1. TRIAL—INSTRUCTIONS—EVIDENCE.
   It is error to give an instruction not based on evidence.

2. CONTRACTS—ACTIONS—ASSUMPSIT—COMMON COUNTS—EVIDENCE—DIRECTED VERDICT.
   In an action of assumpsit for money had and received, it being claimed that, of $1,500 admittedly turned over by plaintiff to defendant for the purchase of a saloon, defendant paid only $1,200 therefor, *held,* that a verdict might have been directed for defendant.

3. SAME.
   In an action of assumpsit for money had and received, it being claimed that, of $1,500 admittedly turned over by plaintiff to defendant for the purchase of a saloon, defendant paid only $1,200 therefor, *held,* that as the trial court might properly have directed a verdict for defendant, and, the jury found for the latter, any errors in the court's charge were harmless.

Error to Wayne; Mandell, J. Submitted October 19, 1917. (Docket No. 136.) Decided December 27, 1917.

Assumpsit in justice's court by Theodore Hauser against the Goebel Brewing Company for money had and received. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*Willis G. Clarke,* for appellant.

*Orla B. Taylor (Jackson B. Clark,* of counsel), for appellee.

KUHN, C. J. This is an action of assumpsit for money had and received, in which judgment was rendered in favor of defendant both by a justice of the peace and, later, in the circuit court on appeal.

Plaintiff bought a saloon in Detroit from or through the Goebel Brewing Company. Some months later, to meet the requirements of the liquor committee of the common council of Detroit, a bill of sale was furnished, the consideration therein set forth being $1,-200. It is admitted that plaintiff paid over $1,500 to the defendant to make the purchase. Plaintiff claims that defendant told him it would cost in the neighborhood of $1,200, possibly a little more. The saloon business purchased for plaintiff was that of Fred Cook, at 448 Michigan avenue, and the sale apparently consisted of little more than the license, for plaintiff obtained neither the stock of liquors nor the old location, but was found a new location by defendant at the corner of Trombley and Woodland avenues. The validity of the transaction is not questioned in this suit. Mr. Cook testified that he sold out for $1,-200; that the defendant paid up some bills he owed and paid the balance of the $1,200 to him in cash.

Defendant's bookkeeper testified positively that the price was fixed at $1,500 from the outset of the transaction, and that $1,200 was never mentioned; that the bill of sale was prepared by defendant's attorney, who inserted $1,200 as the consideration without any instructions from defendant to do so. Defendant's ledger account of the transaction showed that the $1,500 was disbursed and applied as follows: In payment of sundry bills and debts owed by Cook, viz.:

| | | |
|---|---:|---:|
| Robinson & Aronheim, for liquors....$456 45 | | |
| Small bills owed by Cook............ | 69 21 | |
| Amount owed defendant by Cook for beer ........................... | 317 00 | |
| Rent of No. 448 Mich. Ave., Dec. 1, 1912, to May 1, 1913, 5 mos. $65.... | 325 00 | $1,167 66 |
| Amounts paid over to Cook.........$201 55 | | |
| | 130 79 | 332 34 |
| Total................................... | | $1,500 00 |

The $325 rent was for the period from December 1, 1912, to May 1, 1913, after Cook sold out, and for premises which plaintiff did not occupy—according to his testimony was not allowed to occupy because he was told the building was condemned—although he testified he would have located there if he had been allowed to do so. Plaintiff claims, the purchase having been made for $1,200, that the $300 excess which he paid over to defendant is money held by defendant for his use. The circuit judge submitted the issue to the jury as follows:

"Let us find out what the plaintiff claims. He claims that he had a bargain, that is, a contract with the defendant, and his theory is that he deposited $1,500 with the defendant, and that the defendant with that deposit was to get him a saloon. He claims that the defendant did secure a license and a saloon or a stock of fixtures, but paid only $1,200 therefor, and therefore, the plaintiff says, that being so, I want back the difference between $1,200 and $1,500; I want

$300 and interest. That is the theory. Let us find out first how the defendant answers that theory. The defendant says that is not true; this bill of sale was used as evidence before the common council committee, but some time after the transaction between the plaintiff and the defendant was completed, and the defendant says, we have paid out, that is always speaking of the plaintiff's theory, in rent, an amount that, added to the bill of sale, $1,200, equals $1,500, so $1,500, according to the defendant's theory, is entirely eaten up. That is what the defendant says in regard to the plaintiff's theory. The defendant comes in here with an entirely different theory than the plaintiff. The defendant says, the plaintiff came to us and said: 'I want to buy a saloon, and I will pay $1,500 for it.' And the defendant then got busy and secured a saloon for $1,500, and that is all there was to the transaction according to the defendant's theory. The defendant adds this, that if you find that the plaintiff was right in what he supposed the bargain was, then we want not only the amount of $1,200 we paid out, but we want our compensation for services as agent in securing a license and in securing a bill of sale, and attorney's fees, etc., which more than eats up the $1,500. These are the theories that are introduced by the parties here and they make up the issues of fact. I charge and instruct you that if you believe that the plaintiff is right with regard to the terms of the bargain that he had with the defendant by which the defendant was to secure a saloon for him with a license and a stock of fixtures and that all that was paid by the defendant on behalf of the plaintiff, acting as agent, was $1,200, then the plaintiff would be entitled to recover the difference between $1,200 and $1,500. If, however, you find the bargain was as the defendant claims it was, an out and out bargain to secure a license and stock of fixtures for $1,500, then the defendant is entitled to a verdict. If you find that the defendant is right with regard to his theory and that the defendant paid not only $1,200, but the rent in addition, and that made up $1,500, then the defendant would be entitled to a verdict."

The first assignment of error alleges that the cir-

cuit judge erred in submitting to the jury the claim for services, and in charging with reference to the claim for compensation for services as agent in securing a license, and it is claimed that there is no testimony in the record to support the submission of this theory. We think that plaintiff is right in this contention, as we find nothing in the record to warrant the submission of this theory to the jury. The only testimony with relation thereto was the testimony of defendant's bookkeeper, who said that for $1,500 the defendant would see that the plaintiff obtained a saloon, and that they would see that the proper transfer of the license was made by the liquor committee. No claim was made for any such services.

The other complaint by the appellant refers to that part of the charge in which the court said:

"If you find that the defendant is right with regard to his theory, and that the defendant paid not only $1,200, but the rent in addition, and that made up $1,500, then the defendant would be entitled to a verdict."

We do not think that this was error, because if the defendant paid the rent as consideration for the transfer to the plaintiff, as he did the other bills of Cook, then it would be proper to charge this sum to the plaintiff. The testimony introduced by the defendant was to the effect that Cook owed the rent under the lease, and no evidence was introduced to contradict that fact. The claim of the plaintiff is that he gave the defendant $1,500 to buy a saloon, and that only $1,200 was expended. The defendant shows conclusively that the $1,500 was expended to make itself whole because of the payment of Cook's obligations, from whom it obtained the license. It follows, therefore, that it has no moneys in its possession belonging to the plaintiff, and under plaintiff's own theory of the case, the action must fail. The trial judge

might properly have directed a verdict for the defendant, and as the jury found for the defendant, any errors in his charge cannot be said to have been prejudicial.

The judgment must be affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.